IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERASTO DELGADO, JR., #1241929, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0340-L |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Neal Unit in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case: On April 29, 2004, Petitioner pled guilty to manslaughter enhanced by a prior conviction, and was sentenced to twenty-five years imprisonment in TDCJ-CID. *See State v. Delgado*, No. F03-57334 (Crim Dist. Ct. No. 1, Dallas Cty., 2004). Petitioner did not appeal. On June 4, 2009, he filed in the convicting court a state habeas application

pursuant to art. 11.07, Texas Code of Criminal Procedure, raising the claim at issue in this case. *See* No. W03-57334-A. The TCCA denied the state application without a written order on February 3, 2010. *See Ex parte Delgado*, No. WR-73,362-01.[1]

On February 19, 2010, Petitioner filed his federal petition raising a claim of ineffective assistance of counsel.[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); Rule 4 of the Rules Governing § 2254 proceedings (requiring a district court to dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

On March 12, 2010, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. As of the date of this recommendation, Petitioner has not responded to the court's order. Therefore, his petition should be dismissed as time barred.

---

[1] Petitioner states he filed the art. 11.07 application on May 20, 2009. (Pet. at ¶ 11.) The docket sheet for Petitioner's art. 11.07 writ on the Dallas County website, reflects that it was filed on June 4, 2009. The petition is time barred regardless of when the art. 11.07 writ was first filed.

[2] For purposes of this recommendation, the federal petition is deemed filed on February 12, 2010, the date Petitioner signed it and presumably placed it in the prison mail. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings.

2

In this case, the one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[3]

Since Petitioner did not file a direct appeal, his conviction became final on May 29, 2004, thirty days after the entry of the judgment. *See* Tex. R. App. P. 26.2(a)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period ran from May 30, 2004, until May 29, 2005. Because that date fell on a Sunday, and May 30, 2005, was Memorial Day, the federal filing deadline was extended to the following Tuesday May 31, 2005. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir.1998) (applying Rule 6(a)). Petitioner's state habeas application filed on June 4, 2009 – more than four years after the one-year deadline – did not toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Scott*, 227 F.3d at 263. Therefore, the federal petition is clearly time barred absent equitable tolling.

In light of Petitioner's *pro se* status, the court liberally construes the pleadings in this case to request equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show

---

[3] Subsections 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state created impediment under subparagraph (B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds became or could have become known prior to the date on which his conviction became final.

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed filing his state writ by more than five years after his conviction became final, clearly failing to pursue the habeas "process with diligence and alacrity." *Phillips*, 216 F.3d at 511. Unexplained delays do not evince due diligence. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Moreover, neither Petitioner's "unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). Therefore, in the exercise of discretion, the District Court should refuse to apply equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. §

2244(d); Rule 4 of the Rules Governing § 2254 Cases.

Signed this 28th day of April, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.