IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ERASTO DELGADO, JR., #1241929**, § § Petitioner, § v. § **RICK THALER, Director**, § **Texas Department of Criminal Justice**, § **Correctional Institutions Division**, § § Respondent. § | Civil Action No. **3:10-CV-340-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Erasto Delgado Jr.'s Petition for Writ of Habeas Corpus, filed February 19, 2010. The case was referred to Magistrate Judge Wm F. Sanderson, Jr., who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on April 28, 2010. Petitioner filed objections on May 12, 2010.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to manslaughter enhanced by a prior conviction on April 29, 2004. He was sentenced to twenty-five years in prison and chose not to exercise his right to appeal. On June 4, 2009, he filed an application for state habeas relief pursuant to article 11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals denied Petitioner's application without a written order on February 3, 2010. On February 19, 2010, Petitioner filed his federal habeas petition in this court. The magistrate judge determined that Petitioner's habeas application is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A), because more than a year has passed since the expiration of Petitioner's time period for seeking review of his conviction. Accordingly, the magistrate judge concludes that Petitioner's habeas petition violates the one-year limitations period and should be dismissed with prejudice.

**Memorandum Opinion and Order – Page 1**

Petitioner argues that his habeas petition is not time barred because of the tolling provision under 28 U.S.C. § 2244(d)(2). In support, Petitioner cites case law standing for the proposition that "a properly filed federal habeas petition does not toll the limitation period." *Duncan v. Walker*, 533 U.S. 167, 172 (2001). The key phrase is "properly filed." Here, it is apparent on the record that Petitioner did not file his state habeas application or his federal habeas petition until more than four years after the date that the judgment of his conviction became final.[1] The tolling provision under 28 U.S.C. § 2244(d)(2) does not apply to Petitioner's petition "because it was not filed until *after* the period of limitation had expired." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original). Moreover, as Petitioner has not alleged any delay or impediment caused by the government, the court is not at liberty to apply the doctrine of equitable tolling in this case; nor does the court find that Petitioner exercised due diligence in waiting over four years after the final date of his conviction before seeking post-conviction relief.

In light of the above analysis, the court concludes that Petitioner's petition is time barred. The court therefore need not address the subsequent issues raised by Petitioner with respect to his request for an evidentiary hearing. Having reviewed the petition, file, record, and Report in this case, the court determines that the magistrate judge's findings and recommendation are correct. The court **accepts** the findings and recommendation, and the court **denies** and **dismisses with prejudice** the petition for writ of habeas corpus.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of

---

[1] Petitioner's conviction became final on May 31, 2005, the first workday following thirty days after the entry of judgment on April 29, 2004.

**Memorandum Opinion and Order – Page 2**

appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 18th day of May, 2010.

Sam A. Lindsay
United States District Judge

---

[2]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
   **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion and Order – Page 3**